**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CARLA D. CALEY, ) | CASE NO. 5:11-cv-1146 |
| ) | |
| Plaintiff, ) | JUDGE GAUGHAN |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| MICHAEL J. ASTRUE, ) | |
|   Commissioner of Social Security, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | Doc. No. 13 |

Plaintiff, Carla D. Caley ("Plaintiff"), challenges the final decision of Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner"), denying Plaintiff's applications for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq.* ("the Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Before the Court is the Commissioner's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion"),

wherein the Commissioner argues that this case should be dismissed because Plaintiff failed to file her complaint in a timely fashion. (Doc. No. 13.) For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's Motion be DENIED.

## I.  BACKGROUND

The following facts are not in dispute unless otherwise indicated. On August 16, 2006, Plaintiff protectively filed applications for a POD, DIB and SSI. (Def.'s Mot. Ex. 1, Doc. No. 13-3.) Her applications were denied initially and upon reconsideration, so she requested a hearing before an administrative law judge ("ALJ"). (Def.'s Mot. Ex. 1.) On April 27, 2009, an ALJ held Plaintiff's hearing, and on September 3, 2011, the ALJ found Plaintiff not disabled. (Def.'s Mot. Ex. 1.) On May 26, 2010, the Appeals Council declined to review the ALJ's decision, so the ALJ's decision became the Commissioner's final decision. (Def.'s Mot. Ex. 2, Doc. No. 13-4.)

On June 6, 2011, Plaintiff filed her complaint to challenge the Commissioner's final decision. (Doc. No. 1.) On September 6, 2011, the Commissioner filed his Motion. (Doc. No. 13.) The Commissioner argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted because Plaintiff failed to file a timely complaint with this Court. The Commissioner alleges that the Social Security Administration mailed notice of the Commissioner's final decision to Plaintiff and her counsel on May 26, 2010. (Herbst Decl. ¶ 3(a), Doc. No. 13-2.) The Commissioner contends that Plaintiff was required to file her complaint within 60 days of receiving that notice and failed to do so. The Commissioner argues in the alternative—should the Court construe his Motion as a motion for summary judgment—that there is no genuine issue of material fact that

Plaintiff failed to file a timely complaint and that this case should be dismissed as a matter of law.

On October 6, 2011, Plaintiff filed her response in opposition to the Commissioner's Motion.  (Doc. No. 14.)  Plaintiff alleges that neither she nor her counsel received notice of the Commissioner's final decision until April 27, 2011, and that it was received at that time by facsimile only after Plaintiff called the Social Security Administration by telephone in March 2011 and Plaintiff's counsel sent two letters to the Social Security Administration to inquire about the decision.  (Alfera Aff. ¶¶ 5-7, Doc. No. 14-1; Caley Aff. ¶¶ 4-7.)  Plaintiff contends that she timely filed her complaint within 60 days of receiving the April 27, 2011, facsimile notice.

The Commissioner did not reply to Plaintiff's response.

## II.   LAW & ANALYSIS

### A.   Standard of Review

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Here, the Commissioner's Motion has been brought pursuant to Rule 12(b)(6), the Commissioner has presented matters outside the pleadings, and the Court finds no reason to exclude such matters.  Accordingly, the Commissioner's Motion will be construed as a motion for summary judgment.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a).  The moving party can meet this burden in two ways:  by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing that the nonmoving party, after adequate time for discovery, fails to show sufficient evidence to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial.  *See Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

In reviewing summary judgment motions, a court must view the evidence in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Pachla v. Saunders Sys., Inc.*, 899 F.2d 496, 498 (6th Cir. 1990).  In addition, the Court does not weigh the evidence or make credibility determinations.  *Joostberns v. U. Parcel Servs., Inc.*, 166 F. App'x 783, 787 (6th Cir. 2006).  Ultimately, the court should determine whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

**B.  Whether Plaintiff's Claim is Time Barred**

An individual may challenge by a civil action any final decision of the Commissioner of Social Security made after a hearing to which the individual was a party, so long as the civil action is commenced within sixty days after the individual

4

receives notice of the Commissioner's final decision or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 422.210(c); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). There is a rebuttable presumption that an individual receives notice within five days after the date on the notice form, unless the individual can show that she did not receive the notice within the five-day period. 20 C.F.R. § 404.901; 20 C.F.R. § 422.210(c); *Cook*, 480 F.3d at 435.

The Commissioner offers evidence that notice of the Commissioner's final decision was mailed to Plaintiff on May 26, 2010, at 1846 Carter Drive, Akron, Ohio 44301. (Herbst Decl. ¶ 3(a).) The Notice of Appeals Council Action attached to the Commissioner's Motion is also dated May 26, 2010 (Notice of Appeals Council Action 1, Doc. No. 13-4); accordingly, there is rebuttable presumption that Plaintiff received notice of the Commissioner's final decision on or before May 31, 2010, and Plaintiff would have had to file her complaint within 60 days thereafter, on or before July 30, 2010.

Plaintiff, however, presents her own affidavit and the affidavit of her counsel in support of her contention that she did not received notice of the Commissioner's final decision until April 27, 2011, and that she received it by facsimile only after (1) Plaintiff called the Social Security Administration by telephone in March 2011 to inquire about the status of her claim, and (2) Plaintiff's counsel sent two letters to the Social Security Administration to inquire about it. (Alfera Aff. ¶¶ 5-7; Caley Aff. ¶¶ 4-7.) Plaintiff's and her counsel's affidavits constitute competent, material evidence that shows there is a genuine issue of whether Plaintiff received notice of the Commissioner's final decision

5

on or before May 31, 2010, or on April 27, 2011, and consequently whether Plaintiff timely filed her complaint.  See Fed. R. Civ. P. 56(c)(1)(A).

Furthermore, the 60-day limit for seeking judicial review of an adverse Social Security benefits determination is not jurisdictional, but a period of limitations; as such, it may be tolled under appropriate circumstances.  *Cook*, 480 F.3d at 435, 437.  Courts consider five factors when determining whether to toll a statute of limitations:  (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claim.  *Id.*

The Commissioner contends that Plaintiff has not alleged in her complaint any permissible basis for failing to file a timely complaint.  But the following circumstances can be gleaned from Plaintiff's response to the Commissioner's Motion.  Plaintiff filed a request for the Appeals Council to review the ALJ's decision on December 5, 2009.  (Alfera Aff. ¶ 3.)  Plaintiff's counsel informed Plaintiff that, in his experience, it is not uncommon to have to wait up to two years to receive a response from the Appeals Council.  (Alfera Aff. ¶ 4.)  Plaintiff called the Social Security Administration in March 2011 (approximately 15 months later) for a status update on her claim and was informed that her request for review of the ALJ's decision had been denied sometime in 2010.  (Caley Aff. ¶ 4.)  Plaintiff immediately thereafter contacted her attorney.  (Caley Aff. ¶ 5.)  Plaintiff's counsel sent a letter to the Social Security Administration on March 11, 2011, to inquire about the status of Plaintiff's claim, and the Social Security Administration did not respond.  (Alfera Aff. ¶ 5.)  Plaintiff's counsel sent a second letter

to the Social Security Administration on April 26, 2011, and the next day, April 27, 2011, the Social Security Administration responded with a facsimile of the Appeals Council's notice that it declined to review the ALJ's decision.  (Alfera Aff. ¶¶ 6-7.)  Plaintiff's counsel thereafter mailed a copy of the facsimile to Plaintiff.  (Alfera Aff. ¶ 7.)

The Commissioner does not challenge Plaintiff's alleged circumstances surrounding the filing of her complaint or explain how proceeding in this case would be prejudicial.  The Court finds that Plaintiff has adduced sufficient evidence to rebut the presumption that she received notice within five days of the date on the Appeals Council's notice form, and that the Commissioner has failed to show that this case should be dismissed as a matter of law.  Accordingly, the Commissioner's Motion should be denied.

**III.**

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's Motion be DENIED.

s/ *Nancy A. Vecchiarelli*<br>U.S. Magistrate Judge

Date:  October 27, 2011

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of this notice.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**